UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BOBBY A. WILLIAMS,**

       **Plaintiff,**        **CASE NUMBER: 06-13303**
                                  **HONORABLE VICTORIA A. ROBERTS**

v.

**MIGUEL BERRIOS,**

       **Defendant.**
_____/

## ORDER

### I.   INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss and Motion for Protective Order. For the reasons set forth below, the Court **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss. The Court **DENIES** Defendant's motion for protective order.

### II.   BACKGROUND

Bobby Williams ("Plaintiff") is a *pro se* Michigan Department of Corrections ("MDOC") inmate who seeks declaratory and injunctive relief under 42 U.S.C. § 1983 against Michigan Parole Board ("Parole Board") member Miguel Berrios ("Defendant"). Plaintiff is incarcerated at the Southern Michigan Correctional Facility where he is serving a 10-20 year sentence for a 1987 conviction. He became eligible for parole in February 2006.

On February 27, 2006, Plaintiff was interviewed by Defendant to determine his suitability for parole. Prior to his parole hearing, Plaintiff received a Notice of Intent

("Notice") to conduct a parole board interview.  The Notice stated the date the hearing was to be conducted as well as several factors the Parole Board would consider in reaching a parole decision.  The Notice also apprises Plaintiff of his rights during the interview, including the right to challenge information and present evidence concerning inaccurate or irrelevant information.  Plaintiff alleges that the Parole Board did not apprise him of its intention to consider a longstanding history of substance abuse in determining his suitability for parole.  He argues that the Parole Board's failure to apprise him of this denied him the opportunity to repudiate or challenge these allegations and was contrary to law.

Further, Plaintiff alleges that during the hearing Defendant threatened to deny him parole because he could not remember the details of a prior offense.  According to Plaintiff, the offense was over 24 years old and, despite not recalling the details, he verbally accepted responsibility for the offense.  Defendant allegedly stated, "Maybe if I gave you an 18 or 24, maybe then you can tell me something."  When Plaintiff received the Parole Board's decision, parole was denied and he was ordered to serve an additional 18 months.

Plaintiff argues that the Parole Board's decision was predicated upon retaliation and threats.  He asserts that the Parole Board retroactively applied parole rules or policies that were not in effect when he was convicted, and therefore, violated the *ex post facto* clause and his due process rights.

In his Motion to Dismiss, Defendant does not address Plaintiff's factual allegations but rather argues that Plaintiff fails to state a claim.

## III. APPLICABLE LAW AND ANALYSIS

### A. STANDARD OF REVIEW

Federal Rules of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. *See* FED. R. CIV. P. 12(b)(6). The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle him to relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). However, "to avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Since § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### B. DUE PROCESS VIOLATION

Foremost, Defendant asserts that Plaintiff does not have a protected liberty interest in parole and as such has not alleged a due process violation. Defendant contends that Plaintiff's claims regarding the interview process do not amount to due

process violations.

In response, Plaintiff contends that he is not asserting a right to parole but that he is entitled to a parole hearing conducted in accordance with Michigan law. The crux of Plaintiff's argument is that he was denied the opportunity to refute allegations of a long-standing history of drug abuse. His denial of parole was allegedly based on this, and Plaintiff asserts Defendant did not follow the parole guidelines and place him on notice of its intention to factor in this information. In support of his argument, Plaintiff cites the Michigan statute governing parole proceedings and release of prisoners. Section 791.235(4) provides:

> If an interview is to be conducted, the prisoner shall be sent a notice of intent to conduct an interview at least 1 month before the date of the interview. The notice shall state the specific issues and concerns that shall be discussed at the interview and that may be a basis for a denial of parole. A denial of parole shall not be based on reasons other than those stated in the notice of intent to conduct an interview except for good cause stated to the prisoner at or before the interview and in the written explanation . . ..

Plaintiff argues that by failing to act in accordance with this statute Defendant violated his constitutional rights when he did not provide proper notice, considered the alleged substance abuse, and threatened Plaintiff. Therefore, the Court must determine whether Plaintiff has a constitutionally-protected interest in the Parole Board following its guidelines.

It is well settled that a prisoner does not have a liberty interest in parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979); *see also Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973)(concluding that a § 1983 action will not lie when a state prisoner challenged the "fact or duration of his confinement, and seeks immediate release from prison or the shortening of his term of confinement"). The Supreme Court,

4

however has held that a plaintiff may challenge the procedures used by the parole board under § 1983. *Wilkinson v. Dotson*, 544 U.S. 74 (2005). In *Wilkinson*, two inmates, Johnson and Dotson, sought to challenge the parole board's violations of the Ohio Code governing parole hearings. *Id.* at 76. Johnson argued that his due process rights were violated because during his parole hearing there was only one parole board member present and he was not allowed to speak, even though the Ohio Code provides that there must be at least one parole board member and a parole hearing officer present and requires that oral and written statements by the prisoner be considered. *Id.* Dotson challenged the retroactive application of an Ohio regulation governing a prisoner's eligibility for parole. *Id.* at 77. In affirming the Sixth Circuit, the Supreme Court held that when a prisoner is not claiming immediate entitlement to parole, but rather is challenging parole procedures, he may bring his action under § 1983." *Id.* at 83.

Because Plaintiff may bring a claim under § 1983, the sole issue is whether based on the facts alleged in his complaint the claim is cognizable. Defendant argues it is not. The Court, however, finds Defendant's arguments unavailing.

Contrary to Defendant's arguments, Plaintiff is not requesting immediate or speedier release. As explained by the Supreme Court, "success for [Plaintiff] does not mean immediate release from confinement or a shorter stay in prison; it means at most a new eligibility review, which at most will speed consideration of a new parole application." *Wilkinson*, 544 U.S. at 82.

Construing the complaint in a light most favorable to Plaintiff, the Court finds that he directly and inferentially alleges the material elements of a § 1983 claim. Plaintiff demonstrates that under M.C.L. § 791.235(4) he has a right to a Notice that states "the

5

specific issues and concerns that shall be discussed at the interview and that may be a basis for a denial of parole," and failure to comply with this statute is a procedural violation of his due process rights.

"[A] procedural due process analysis addresses two questions. [1][T]he first asks whether there exists a liberty or property interest which has been interfered with by the State, the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient.'" *Bazzetta v. McGinnis,* 423 F.3d 557, 563 (6th Cir. 2005)(*quoting Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Plaintiff alleges that under the Michigan statute he was entitled to notice of the factors being considered in determining parole suitability, that he did not receive notice of the Parole Board's intention to consider a long-standing history of drug abuse, and as a result he was denied parole on this basis. While it is true that Plaintiff does not have a liberty interest in parole, itself, he does have an interest in a fair and untainted parole hearing. *Wilkinson v. Dotson*, 329 F.2d 463, 471 (6th Cir. 2003).

Therefore, the Court **DENIES** Defendant's motion on this claim.

### C.   EX POST FACTO CLAUSE

Plaintiff argues that the Parole Board violated *ex post facto* law by applying "parole rules, laws or adoptive policies that were not in effect when he was convicted." Specifically, he claims that after he was convicted of Uttering and Publishing, the Parole Board adopted a policy permitting a "second use" of an inmate's prior record "for purposes of reducing Plaintiff's high probability of parole." Other than this allegation,

---

[1]The Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law. . . ." U.S. CONST. amend. XIV, § 1.

Plaintiff does not describe or identify the policy or parole rule that was allegedly amended and applied.

Defendant argues that Plaintiff's claim should be dismissed because: (1) Plaintiff has not adequately identified the challenged policy; (2) a prisoner's criminal record has always been taken into account when assessing suitability for early release on parole; and (3) a policy change impacting a prisoner's "high probability" of parole does not meet the legal standard for a violation of *ex post facto* law.

States are prohibited from enacting *ex post facto* laws. U.S. CONST., Art. I, § 10, cl. 1. The *Ex Post Facto* clause bars enactments which, by retroactive operation, increase the punishment for a crime after its commission. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990)(citing *Beazell v. Ohio*, 269 U.S. 167, 169-170 (1925)). "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." *Garner v. Jones*, 529 U.S. 244, 250 (2000). "The controlling inquiry" is "whether retroactive application of the change" in a regulation effecting parole creates "a significant risk of increasing the measure of punishment attached to the covered crimes." *Id.* "When the rule does not by its own terms show a significant risk, the [claimant] must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Id.*

Given Plaintiff's vague averments, the Court is unable to engage in this inquiry. Without knowing the terms of the policy and its alleged "changes," the Court is unable to determine whether the "amended" policy does, in fact, violate the standard. The Court recognizes that *pro se* complaints, such as Plaintiff's, are to be liberally construed and

7

"must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)(quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Harris v. Johnson,* 784 F.2d 222, 224 (6th Cir. 1986). However, even with a generous reading of the allegations in his complaint, the Court finds that based on these facts Plaintiff cannot prove that he is entitled to relief. Therefore, the Court dismisses Plaintiff's e*x post facto* claim.

### IV.     PROTECTIVE ORDER

Defendant filed a motion for a protective order to avoid the undue burden and expense in responding to Plaintiff's discovery requests. Plaintiff served Defendant with a First Set of Requests to Admit and Special Interrogatories. Defendant argued that he should not have to respond because Plaintiff fails to assert any legally valid claim upon which relief can be granted. Since the Court finds that Plaintiff has a cognizable § 1983 claim, Plaintiff is entitled to discovery. Pursuant to FED. R. CIV. P. 26(c), the Court **DENIES** Defendant's motion and orders discovery.[2]

### V.     CONCLUSION

For the above stated reasons, Defendant's motion is **GRANTED** in part and **DENIED** in part. Defendant's motion for a protective order is **DENIED**.

**IT IS SO ORDERED**.

---

[2]The Court notes, however, the Defendant's responses will be due 30 days from the date of this order.

                                              s/Victoria A. Roberts  
                                              Victoria A. Roberts  
                                              United States District Judge

Dated: February 9, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record and plaintiff by electronic means or U.S. Mail on February 9, 2007.

s/Linda Vertriest  
Deputy Clerk

---